IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CARL A. MARTIN,<br><br>    Plaintiff,<br><br>vs.<br><br>SCOTT FRAKES, Official Capacity, Individual Capacity; ADAM CROP, Official Capacity, Individual Capacity; BRIAN GAGE, Official Capacity, Individual Capacity; CHELSEA GUFFRIE, Official Capacity, Individual Capacity; and PAUL TOMPKINS, Official Capacity, Individual Capacity;<br><br>    Defendants. | 8:17CV253<br><br>MEMORANDUM<br>AND ORDER |

Plaintiff Carl A. Martin ("Martin") filed a Complaint on July 13, 2017. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 7.) On August 17, 2017, he paid the initial partial filing fee. (*See* Docket Sheet.) The court now conducts an initial review of Martin's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Martin is a prisoner confined at the Tecumseh State Correctional Institution. He brings this action against five employees of the Nebraska Department of Correctional Services: Scott Frakes, Adam Crop, Brian Gage, Chelsea Guffrie, and Paul Tompkins in their official and individual capacities[1]. Martin's "Statement of Claim" is as follows:

---

[1] Scott Frakes is the Director of the Nebraska Department of Correctional Services and Brian Gage was the Warden of the Tecumseh State Correctional

> The defendants infringed and deprived the complainant his right to safe and human conditions of confinement because during a [g]eneral population inmate [r]iot on May 10th 2015 when assaults and fires [were] being started by these general population inmates. He was a protective custody inmate safe and secure in his unit; and these defendants placed his unit cell doors and yard doors on group access with [g]eneral population unit cell doors and yard doors together and allowing the [g]eneral population inmates to prey upon my persons and commi[t] fires, threats, and unit damage to property – resulting [in] heavy toxic smoke for 7 hours without correcting the error when they had reasonable time to correct the breach of safety. Under the 8th [A]mendment to the United States Constitution.

([Filing No. 1 at CM/ECF pp. 4-5](#).) Martin asserts that he suffered assault, exposure to toxic smoke, smoke inhalation, emotional distress and mental anguish, and exacerbated psychological harm because of the incident. (*Id.* at CM/ECF p. 5.) He seeks $5,000,000 in damages. (*Id.* at CM/ECF p. 6.)

## II. APPLICABLE STANDARDS OF REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* [28 U.S.C. §§ 1915(e)](#) and [1915A](#). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. [28 U.S.C. § 1915(e)(2)(B)](#); [28 U.S.C. § 1915A(b)](#).

---

Institution during May of 2015. Hereinafter, the court will refer to the remaining defendants as Cropp, Guiffre, and Tompkins, because that is the correct spelling of their last names. *See Guerry v. Frakes*, Consolidated Case Nos. 8:15CV323 (D. Neb.); 4:17CV3047 (D. Neb.).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Martin here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## III. DISCUSSION

### A. Sovereign Immunity

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state,

3

including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g.*, *id.*; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 that seek equitable relief from state employee defendants acting in their official capacity.

Martin sues 4 state employees and seeks only monetary relief against them. The Eleventh Amendment bars his claims against them in their official capacities. Accordingly, Martin's claims against Defendants in their official capacities will be dismissed.

**B. Individual Capacity Claims**

Martin's constitutional claims are based on alleged violations of his Eighth Amendment rights.

> The Eighth Amendment to the United States Constitution proscribes the infliction of "cruel and unusual punishments." The Supreme Court counsels that this amendment imposes upon prison officials the duty to "provide humane conditions of confinement." That duty, among other things, requires those officials to take reasonable measures to "protect prisoners from violence at the hands of other prisoners." The Eighth Amendment imposes this duty because being subjected to violent assaults is not "part of the penalty that criminal offenders pay for their offenses."
>
> In order to prevail on an Eighth Amendment failure-to-protect claim, [an inmate] must make two showings. First, [the inmate] must demonstrate that [he or she is] "incarcerated under conditions posing a substantial risk of serious harm." The second requirement concerns the state of mind of the prison official who is being sued. It mandates that the [inmate] show that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be

aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." This subjective requirement is necessary because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment."

*Jensen v. Clarke*, 73 F.3d 808, 810 (8th Cir. 1996) (citing *Farmer v. Brennan*, 511 U.S. 825 (1994)) (other citations omitted).

At this stage in the proceedings, the court finds Martin has stated plausible claims for relief against Defendants. The court can infer from Martin's allegations that Cropp, Guiffre, and Tompkins worked in the protective custody unit on the date of the prison riot and were responsible for the unit cell and yard doors, allowing rioting general population inmates access to protective custody inmates such as Martin. Further, the court infers that Frakes and Gage, as prison director and warden, were responsible for the safety and security of the prison on the date of the riot. The court also infers from Martin's allegations that they waited seven hours to come to his assistance in the face of fires and rioting prisoners. His allegations are sufficient to state plausible claims for relief at this juncture of the case.

IT IS THEREFORE ORDERED that:

1. Martin's claims against Defendants in their official capacities are dismissed as barred by the Eleventh Amendment.

2. Martin's Eighth Amendment claims may proceed to service of process against Scott Frakes, Adam Cropp, Brian Gage, Chelsea Guiffre, and Paul Tompkins in their individual capacities.

3. For service of process on Defendant Scott Frakes in his individual capacity, the clerk of the court is directed to complete a summons form and a USM-285 form for Defendant Frakes using the address "Lincoln Regional Center,

801 West Prospector Place, Lincoln, NE 68522," and forward them together with a copy of the Complaint and a copy of this Memorandum and Order to the Marshals Service. **The Marshals Service shall serve Defendant Frakes personally in his individual capacity at the Lincoln Regional Center, 801 West Prospector Place, Lincoln, NE 68522.** Service may also be accomplished by using any of the following methods: residence, certified mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01 (Reissue 2016).[2]

4. For service of process on Defendant Adam Cropp in his individual capacity, the clerk of the court is directed to complete a summons form and a USM-285 form for Defendant Cropp using the address "Tecumseh State Correctional Institution, 2725 N. HWY 50, Tecumseh, NE 68450," and forward them together with a copy of the Complaint and a copy of this Memorandum and Order to the Marshals Service. **The Marshals Service shall serve Defendant Cropp personally in his individual capacity at the Tecumseh State Correctional Institution, 2725 N. HWY 50, Tecumseh, NE 68450.** Service may also be accomplished by using any of the following methods: residence, certified mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01 (Reissue 2016).

---

[2] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory). *See, e.g.*, *Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the Jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

5. For service of process on Defendant Brian Gage in his individual capacity, the clerk of the court is directed to complete a summons form and a USM-285 form for Defendant Gage using the address at sealed Filing No. 28 in Case No. 4:17CV3047 and forward them together with a copy of the Complaint and a copy of this Memorandum and Order to the Marshals Service. **The Marshals Service shall serve Defendant Gage personally in his individual capacity at the address provided by the clerk of the court.** Service may also be accomplished by using any of the following methods: residence, certified mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01 (Reissue 2016).

6. For service of process on Defendant Chelsea Guiffre in her individual capacity, the clerk of the court is directed to complete a summons form and a USM-285 form for Defendant Guiffre using the address at sealed Filing No. 30 in Case No. 4:17CV3047 and forward them together with a copy of the Complaint and a copy of this Memorandum and Order to the Marshals Service. **The Marshals Service shall serve Defendant Guiffre personally in her individual capacity at the address provided by the clerk of the court.** Service may also be accomplished by using any of the following methods: residence, certified mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01 (Reissue 2016).

7. For service of process on Defendant Paul Tompkins in his individual capacity, the clerk of the court is directed to complete a summons form and a USM-285 form for Defendant Tompkins using the address "Lincoln Correctional Center, 3216 W Van Dorn St., Lincoln, NE 68522," and forward them together with a copy of the Complaint and a copy of this Memorandum and Order to the Marshals Service. **The Marshals Service shall serve Defendant Tompkins personally in his individual capacity at the Lincoln Correctional Center, 3216 W Van Dorn St., Lincoln, NE 68522.** Service may also be accomplished by using any of the following methods: residence, certified mail, or designated

delivery service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01 (Reissue 2016).

8. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

9. The clerk of the court is directed to file under seal any document containing the last-known personal addresses for Defendants Guiffre and Gage.

10. The clerk of the court is directed to set the following pro se case management deadline: **December 26, 2017**: check for completion of service of process.

Dated this 25th day of September, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge