IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| CARL A. MARTIN, | |
|---|---|
| Plaintiff, | 8:17CV253 |
| vs. | |
| SCOTT FRAKES, Official Capacity, Individual Capacity; ADAM CROP, Official Capacity, Individual Capacity; BRIAN GAGE, Official Capacity, Individual Capacity; CHELSEA GUFFRIE, Official Capacity, Individual Capacity; and PAUL TOMPKINS, Official Capacity, Individual Capacity; | MEMORANDUM AND ORDER |
| Defendants. | |

This matter comes before the court on its own motion. On November 9, 2017, a summons issued for Defendant Paul Tomkins in his individual capacity was returned unexecuted with the Marshals Service indicating that Defendant Tomkins no longer worked at the Lincoln Correctional Center and the Marshals Service needed "more identifiers" to ascertain Defendant Tomkins' address. (Filing No. 19.) The court has identified a possible phone number for Defendant Tomkins' from a sealed, executed service of summons in a separate case in which Tomkins is named as a defendant. The court has provided this phone number to the Marshals Service to aid in identifying Defendant Tomkins' current address.[1] Accordingly,

---

[1] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory). *See, e.g., Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek

IT IS THEREFORE ORDERED that:

1. The clerk's office shall obtain a current address for Defendant Tomkins from the Marshals Service.

2. For service of process on Defendant Paul Tomkins in his individual capacity, the clerk of the court is directed to complete a summons form and a USM-285 form for Defendant Tomkins using the address provided by the Marshals Service and forward them together with a copy of the Complaint and a copy of this Memorandum and Order to the Marshals Service. The Marshals Service shall serve Defendant Tomkins personally in his individual capacity at the address provided. Service may also be accomplished by using any of the following methods: residence, certified mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(e); NEB. REV. STAT. § 25-508.01 (Reissue 2016).

3. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

4. The clerk of the court is directed to file under seal the service forms for Defendant Tomkins.

Dated this 13th day of November, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

---

defendant's last-known contact information where plaintiff contended that the Jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).