IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CARL A. MARTIN,<br><br>Plaintiff,<br><br>vs.<br><br>SCOTT FRAKES, Official Capacity, Individual Capacity; ADAM CROP, Official Capacity, Individual Capacity; BRIAN GAGE, Official Capacity, Individual Capacity; CHELSEA GUFFRIE, Official Capacity, Individual Capacity; and PAUL TOMPKINS, Official Capacity, Individual Capacity;<br><br>Defendants. | 8:17CV253<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on Defendants' Motion for Summary Judgment (filing no. 33) and Plaintiff's Motion to Concede (filing no. 36). For the reasons that follow, Plaintiff's Motion to Concede is granted and the court will grant Defendants' Motion for Summary Judgment.

## I. BACKGROUND

Plaintiff Carl A. Martin ("Martin"), a prisoner confined at the Tecumseh State Correctional Institution ("TSCI"), filed this 42 U.S.C. § 1983 action seeking monetary damages against five employees of the Nebraska Department of Correctional Services ("NDCS"): Scott Frakes, Brian Gage, Adam Cropp, Chelsea Guiffre, and Paul Tompkins in their official and individual capacities.[1] Martin

---

[1] Scott Frakes is the Director of the NDCS and Brian Gage was the Warden of TSCI at all times relevant to this case. The names of Defendants Cropp, Guiffre, and Tompkins reflect the correct spelling of Defendants' names. Some spellings differ from Martin's spellings.

alleges the Defendants failed to protect him during the May 10, 2015 riot at TSCI and "allow[ed] the [g]eneral population inmates to prey upon my persons and commi[t] fires, threats, and unit damage to property – resulting [in] heavy toxic smoke for 7 hours without correcting the error when they had reasonable time to correct the breach of safety." ([Filing No. 1 at CM/ECF pp. 4–5](#).) Martin asserts that he suffered assault, exposure to toxic smoke, smoke inhalation, emotional distress and mental anguish, and exacerbated psychological harm because of the incident. (*[Id.* at CM/ECF p. 5](#).) After initial review of the Complaint, the court allowed Martin's Eighth Amendment failure-to-protect claims for monetary relief to proceed against the Defendants in their individual capacities only.

Defendants have filed a Motion for Summary Judgment asserting that they are entitled to qualified immunity and judgment as a matter of law on all remaining claims against them. ([Filing No. 33](#).) Along with their Motion, Defendants filed an Index of Evidence and Brief in Support. ([Filing Nos. 34](#), [35](#).) In response to Defendants' Motion, Martin filed a Motion to Concede in which he asks the court to grant his motion and

> allow the Defendants['] Motion For Summary Judgment to proceed for the following reasons:
>
> 1. Plaintiff has no solid evidence suggesting that the Defendants were deliberately responsible for the Plaintiff not being able to exit his cell during the May 10th 2015 Riot.
>
> 2. The Plaintiff realizes that the staff reacted normally and understandably given the circumstances and cannot in all good consciousness hold staff accountable for what anyone including Plaintiff would have done.
>
> 3. Plaintiff also realizes that many people suffered and went through serious and traumatic experiences during the May 10th 2015 Riot and does not wish to further pursue this matter out of respect for the victims and their families as well as those involved.

([Filing No. 36 at CM/ECF pp. 1–3](#).)

## II. STANDARD OF REVIEW

Summary judgment should be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." [Fed. R. Civ. P. 56(a)](#). It is not the court's function to weigh evidence in the summary judgment record to determine the truth of any factual issue. *[Schilf v. Eli Lilly & Co.](#)*, 687 F.3d 947, 949 (8th Cir. 2012). In passing upon a motion for summary judgment, the district court must view the facts in the light most favorable to the party opposing the motion. *[Dancy v. Hyster Co.](#)*, 127 F.3d 649, 652-53 (8th Cir. 1997).

In order to withstand a motion for summary judgment, the nonmoving party must substantiate allegations with "'sufficient probative evidence [that] would permit a finding in [his] favor on more than mere speculation, conjecture, or fantasy.'" *[Moody v. St. Charles Cnty.](#)*, 23 F.3d 1410, 1412 (8th Cir. 1994) (quoting *[Gregory v. City of Rogers](#)*, 974 F.2d 1006, 1010 (8th Cir. 1992)). "A mere scintilla of evidence is insufficient to avoid summary judgment." *[Id.](#)* Essentially, the test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *[Anderson v. Liberty Lobby, Inc.](#)*, 477 U.S. 242, 251-52 (1986).

A party opposing summary judgment "may not rest upon the mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial, and must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *[Ingrassia v. Schafer](#)*, 825 F.3d 891, 896 (8th Cir. 2016) (quoting *[Anderson](#)*, 477 U.S. at 256-57 (quotations omitted); *see also [Adickes v. S. H. Kress & Co.](#)*, 398 U.S. 144, 158-60 (1970).

## III. ANALYSIS

In this action, Plaintiff asserts section 1983 claims against Defendants for failing to protect him from rioting general population inmates and fires during the May 10, 2015 TSCI prison riot. Defendants seek entry of summary judgment on Martin's failure-to-protect claims based on the doctrine of qualified immunity which "shields government officials from liability for civil damages and the burdens of litigation 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *McKenney v. Harrison*, 635 F.3d 354, 358 (8th Cir. 2011) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

In accordance with the court's local rules, Defendants' brief (filing no. 34) includes "a separate statement of material facts about which the moving party contends there is no genuine issue to be tried and that entitles the moving party to judgment as a matter of law." NECivR 56.1(a)(1). This statement of material facts is supported by evidence in the record. (Filing No. 35). *See also* NECivR 56.1(a)(2) (statement of facts should contain "pinpoint references to . . . materials that support the material facts"). Martin has not submitted a brief containing a concise response to Defendants' statement of material facts, but rather concedes "this matter in its entirety." (Filing No. 36 at CM/ECF p. 3). Thus, all the facts in Defendants' statement of facts are deemed admitted.[2] *See* NECivR 56.1(b)(1).

Martin has controverted neither the Defendants' statement of material facts nor their well-supported arguments in favor of qualified immunity. Given Martin's statements in his Motion to Concede that he has no evidence to support his Eighth Amendment claims and that he does not wish to pursue this matter further, (filing

---

[2] The court finds reproducing the Defendants' detailed, lengthy, and undisputed statement of material facts unnecessary for resolution of the pending Motion for Summary Judgment. (Filing No. 34 at CM/ECF pp. 1–10.)

no. 36 at CM/ECF pp. 1–3), the court shall grant the Defendants' Motion for Summary Judgment for the following reasons:

1. Martin states he has no evidence "suggesting that the Defendants were deliberately responsible for the Plaintiff not being able to exit his cell during the May 10th 2015 Riot" and concedes that the Defendants "reacted normally and understandably given the circumstances" and did "what anyone including [Martin] would have done." (Filing No. 36 at CM/ECF pp. 1–3.) Thus, Defendants are entitled to qualified immunity as there is no evidence that any of the Defendants were deliberately indifferent to Martin's health and safety, let alone that they acted "maliciously and sadistically for the very purpose of causing harm" while the prison riot was in progress. *See Clayborne v. Frakes*, No. 8:15CV198, 2016 WL 6462266, at *4 (D. Neb. Oct. 27, 2016), *aff'd sub nom. Clayborne v. Tecumseh Dep't of Corr.*, 699 F. App'x 593 (8th Cir. 2017).

2. "[F]ailure to oppose a basis for summary judgment constitutes waiver of that argument." *Satcher v. Univ. of Arkansas at Pine Bluff Bd. of Trustees*, 558 F.3d 731, 735 (8th Cir. 2009). *See also Robinson v. Am. Red Cross*, 753 F.3d 749, 754 (8th Cir. 2014) (plaintiff waived claims by failing to oppose employer's motion for summary judgment on those claims); *Saghir v. Schenker Logistics, Inc.*, 501 F. App'x 609, 610 (8th Cir. 2013) (unpublished) (affirming summary judgment in favor of defendant on ADA claim when plaintiff "did not oppose [the] basis for summary judgment at the district court level, and therefore the argument was waived"); *Zanders v. U.S. Bank*, No. 413CV00481, 2016 WL 8925395, at *12 (S.D. Iowa Jan. 14, 2016), *aff'd*, 674 F. App'x 591 (8th Cir. 2017), *cert. denied*, 138 S. Ct. 446, 199 L. Ed. 2d 329 (2017), *reh'g denied*, 138 S. Ct. 1044, 200 L. Ed. 2d 304 (2018) (plaintiff abandoned claim by failing to respond to defendant's arguments in support of motion for summary judgment); *Myers v.*

5

*Blumenthal*, 534 B.R. 6, 15 (D. Neb. 2015) ("Failure to oppose a basis for summary judgment constitutes a waiver of that argument."); *Jones v. Kelley*, No. 5:15-CV-00306, 2016 WL 8607506, at *5 (E.D. Ark. Nov. 14, 2016), *report and recommendation adopted*, No. 5:15-CV-00306, 2017 WL 1136678 (E.D. Ark. Mar. 27, 2017) (defendants entitled to judgment as matter of law on deliberate-indifference claim when plaintiff "failed to come forward with any evidence to contradict the evidence presented by the . . . Defendants in support of their motion for summary judgment"); *Thomsen v. Ross*, 368 F. Supp. 2d 961, 971 n.8 (D. Minn. 2005) (plaintiff's failure to respond to defendants' arguments in favor of summary judgment on certain claims "alone would justify dismissal of the . . . claims"); *United States v. NHC Health Care Corp.*, 163 F. Supp. 2d 1051, 1059 (W.D. Mo. 2001) (dismissing four claims as abandoned because plaintiff failed to address them and defendants' arguments regarding those claims in brief opposing defendants' motion for summary judgment).

3. The court has addressed substantially similar claims in two related cases arising out of the May 10, 2015 inmate riot at TSCI, and both cases resulted in dismissals after the defendants' moved for and were granted summary judgment on qualified immunity grounds. *See Guerry v. Frakes, et al.*, Case No. 8:15CV323; *Clayborne v. Frakes, et al.*, Case No. 8:15CV198.

Accordingly, summary judgment is granted in favor of the Defendants as to Martin's remaining Eighth Amendment claims.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion to Concede (filing no. 36) is granted.

2. Defendants' Motion for Summary Judgment (filing no. 33) is granted.

3. A separate judgment will be entered.

Dated this 10th day of August, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge